CORTLANDT PARKER ET AL. v. THE RECEIVER OF THE
WASHOE MANUFACTURING COMPANY.

Where certain instruments, purporting to be the deeds of a private cor-
poration, are shown to be sealed with the corporate seal, the testimony
of a single corporate officer, whose duty might or might not make him
cognizant of their execution, that he had no knowledge of corporate
authority having been given to execute the instruments, should be
deemed legally insufficient to overcome the presumption of due exe-
cution to which the affixing of the corporate seal gives rise.

On error to the Supreme Court.

For the plaintiffs in error, *Cortlandt Parker, Jr.*

For the defendant in error, *Frank Bergen.*

The opinion of the court was delivered by

Dixon, J.   This writ of error brings up an order of the
Supreme Court vacating a judgment, entered therein by con-
fession upon bond and warrant of attorney, in favor of the
plaintiffs against the Washoe Manufacturing Company.   The
bond and warrant are executed under the seal of the company,
and the signature of its president, and the judgment is entered
in conformity with the statute.   The ground for vacating the
judgment is briefly stated by the Supreme Court to be that
no authority appears or is shown in the president of the de-
fendant company to confess the judgment, and *Stokes* v. *New
Jersey Pottery Co.*, 17 *Vroom* 237, is cited as establishing in
that court that the president of a corporation has no power, by
virtue of his office as president, to execute a bond and warrant
of attorney for the entry of a judgment against the corporation.

We think that the decision now before us ignores an im-
portant difference between the case just named and the present
one, in this—that there the bond and warrant were not either
of them sealed with the common seal, and here, according to

the proofs, both are so sealed. It was therefore necessary, in that case, to show by other evidence that the instruments were executed by corporate authority, while in this case the presence of the corporate seal is itself sufficient, *prima facie.* When a corporate seal appears to be affixed to a deed it is not necessary that the party producing the deed should prove by witnesses the fact of its having been regularly fixed, or that the major part of the corporation agreed; but if it be alleged to have been affixed by the hand of a stranger, that shall be proved by the party who alleges it (*Baptist Church* v. *Mulford*, 3 *Halst.* 182), and he will be required to produce such evidence as shall be clear and satisfactory. *Leggett* v. *N. J. Manufacturing and Banking Co., Saxt.* 541.

The controlling question in the cause, therefore, is not the mere question of fact whether the president had actual authority to execute the instruments, which the Supreme Court decided against the plaintiffs, but the mixed question of law and fact whether the probative force of the corporate seal is overcome, which the Supreme Court did not consider, and which, therefore, this court must settle.

The testimony adduced against the validity of the instruments is that of a single witness, who swears in substance that he was the secretary and a director of the Washoe Manufacturing Company, a New York corporation; that there were five directors, of whom three constituted a quorum; that the president, who signed the bond and warrant, owned nine hundred and ninety-five shares of the stock (consisting of one thousand shares), and the five directors owned the balance; that the president, when he was appointed, was, by resolution of the directors, made the executive officer of the company; that he managed the affairs of the company, provided the money for it, employed the men, and, so far as the witness knew, carried on the business of the corporation; that the directors were all personal friends of the president, elected by his votes, and never overruled any action which he had taken; that he, the witness, supposed he had attended all the meetings of the directors and kept their minutes; that he had

Parker v. Washoe Manufacturing Co.

never heard of such a meeting after January, 1884, and that the board had never, to his knowledge, authorized the president or any one else, to confess this judgment, which was entered upon a bond and warrant dated October 8th, 1884. The witness did not produce the minutes which he said he had, nor did he state where he was about the time when these instruments were executed. The statutes of New York are not put in evidence to show when regular meetings of the directors of such companies should be held, or how special meetings may be called. The president is dead, and no other director was sworn.

We think that this testimony does not countervail the presumption in favor of the validity of the sealed instruments. Consistently with the evidence it is easy to believe that a meeting of the directors, stated or special, was held in October, 1884, without the knowledge of the witness, and it is certain that if at such a meeting the president asked for the sealing of these instruments the board ordered them to be sealed. It would seriously impair just confidence in corporate deeds if the ignorance of a single corporate officer, whose duty might or might not make him cognizant of them, could set them aside. Such a circumstance should be deemed legally insufficient to rebut the presumption of due execution to which the affixing of the common seal gives rise. *Manhattan Manufacturing Co.* v. *N. J. Stock Yard Co.*, 8 *C. E. Green* 161.

The order vacating the judgment should be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DIXON, KNAPP, PARKER, REED, BROWN, CLEMENT, COLE, McGREGOR, PATERSON, WHITAKER. 11.