### KIRKPATRICK v. EASTERN MILLING & EXPORT CO. (1.)

(Circuit Court, D. New Jersey. July 14, 1904.)

**1. INSOLVENT CORPORATION—INTERVENING PETITION AGAINST RECEIVERS—PARTIES.**

A bank made a loan of money to a corporation, taking its note, and, as collateral security, an issue of bonds of the corporation, together with an assignment of an underwriting agreement by which the subscribers agreed to take the issue of bonds at a stated price, but were to have also common stock of the company equal to 75 per cent. of the face value of the bonds. The corporation becoming insolvent, the bank filed its petition against the receivers to require them to turn over the stock which had been issued and was in their possession, to enable it to enforce the underwriting agreement against the subscribers. The answer of the receivers disclosed that a suit was pending in another state, brought by the subscribers against the bank, claiming the right to have the underwriting agreement surrendered and canceled. *Held* that, in view of such controversy as to the validity of the agreement, the court could not determine the rights of the bank thereunder in a proceeding to which the subscribers thereto were not parties.

**2. CORPORATIONS—EXECUTION OF INSTRUMENT—SEAL AS EVIDENCE OF AUTHORITY.**

The corporate seal affixed to an assignment purporting to be the act of a corporation by its president is prima facie evidence that the assignment was executed by corporate authority.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 1729.]

**3. ACTIONS—STAY OF PROCEEDINGS—ANOTHER ACTION PENDING.**

The rule that, where two suits between the same parties and for the same cause of action are pending in different states, the remedy of the defendant is to apply to the court in which the second suit is brought to stay proceedings until the first suit is determined, cannot be applied where the parties to the two suits are not the same.

In Equity. Sur petition of Corn Exchange National Bank for an order on receivers to deliver certain certificates of stock.

Samuel Dickson, for Corn Exchange National Bank.
Burr, Brown & Lloyd, for receivers.

LANNING, District Judge. The petition in this case is filed by the Corn Exchange National Bank of Philadelphia against William G. Audenried, Jr., and F. Morse Archer, receivers of the Eastern Milling & Export Company of New Jersey. By the petition and the exhibits thereto annexed, it appears that on May 13, 1903, the Eastern Milling & Export Company of New Jersey executed and delivered to

the Corn Exchange National Bank a promissory note for $25,000, payable in two months after that date; that the promissory note contained a declaration to the effect that the maker had deposited with the petitioner, as collateral security for the payment of the note, "six hundred thousand dollars of first income bonds of Eastern Milling and Export Company and underwriting for same." On the same day (May 13, 1903) a paper purporting to be an assignment of the "underwriting" by the maker of the note to the petitioner was delivered to the petitioner. This alleged assignment appears to have been executed by the president of the Eastern Milling & Export Company of New Jersey, and to have had the corporate seal of that company thereto affixed. The "underwriting" was an agreement between the Eastern Milling & Export Company of New Jersey and certain other parties whereby the other parties agreed, upon the terms therein contained, to purchase an issue of $600,000 of first income 5 per cent. 40-year collateral trust bonds of the Eastern Milling & Export Company of New Jersey and the Eastern Milling & Export Company of Pennsylvania, and that one of the provisions of this agreement was that the Eastern Milling & Export Company of New Jersey should deliver to each of the underwriters, upon the payment of his subscription for bonds, common stock of the Eastern Milling & Export Company of New Jersey to the amount of 75 per cent. of the face value of the bonds allotted to him. The petition alleges that upon the execution of the promissory note above mentioned, and the assignment of the underwriting agreement, the maker of the note delivered to the petitioner the bonds, of the par value of $600,000, but, "through inadvertence, accident, and mistake," failed to deliver to the petitioner stock to the amount of 75 per cent. of the par value of the bonds; that is to say, stock to the amount of $450,000. The averments of the petition are, further, that the company is insolvent; that the stock has no value; that it is necessary, in order that the petitioner may enforce its rights against the subscribers to the underwriting agreement, that the petitioner shall be in a position to tender to them not only the bonds now in possession of the petitioner, but the certificates of stock now in possession of the receivers; and that the receivers have refused to deliver up the certificates of stock to the petitioner. The prayer of the petition is that an order may be made requiring the receivers to show cause why they should not make such delivery. The receivers have filed their answer, and in it say, on information and belief, that the Eastern Milling & Export Company of New Jersey did not authorize any assignment to the petitioner of the underwriting agreement, and that it was not through inadvertence, accident, or mistake that the certificates of stock above referred to were not delivered to the petitioner, but that they were not delivered for the reason that there was no agreement for their delivery. The answer further sets forth that the right of the petitioner to the possession of the certificates of stock has been denied by the underwriters who subscribed the underwriting agreement, and that they have filed a bill of complaint against the petitioner in a court in the city of Philadelphia, and a copy of the bill of complaint is annexed to the answer. The prayer of that bill is that the Corn Exchange National Bank, its officers and directors, be enjoined from instituting any suit or suits against the subscribers to the

underwriting agreement, and that the bank and its officers and directors be required to surrender and deliver to the underwriters for cancellation the agreement of underwriting.

Upon the facts as thus presented, the petitioner insists that it is entitled to an order directing the receivers of the Eastern Milling & Export Company of New Jersey to deliver to the petitioner the certificates of stock in question. The corporate seal affixed to the assignment of the underwriting agreement is prima facie evidence that the assignment was executed by corporate authority. Parker v. Washoe Manufacturing Co., 49 N. J. Law, 465, 9 Atl. 682. But, of course, such presumption may be overcome by other proof.

The receivers, however, by their answer, have disclosed to the court the fact that the persons signing the underwriting agreement insist that they were entitled to have it surrendered to them and canceled. Whether such surrender and cancellation should be made is now an issue between the Corn Exchange National Bank and the signers of the underwriting agreement. With such a fact presented to me, I ought not to grant the prayer of the petition, in the absence of the signers of the underwriting agreement, and without a hearing afforded to them.

It has been suggested by the counsel for the receivers that this court might stay the proceedings on the petition herein filed until after the determination of the suit now pending in the city of Philadelphia. But this is not a case where such stay ought to be ordered. The rule is that the pendency of a suit between the same parties and for the same cause of action in one state is no bar to a subsequent suit brought in a sister state, and that the remedy of the defendant is to apply to the court in which the subsequent suit is brought to stay proceedings, or to refuse final determination, until the suit first instituted is determined. Fairchild v. Fairchild, 53 N. J. Eq. 681, 34 Atl. 10, 51 Am. St. Rep. 650. But the parties in the proceeding now before me are not the same as the parties in the suit pending in Philadelphia, and I cannot, therefore, apply the rule stated in Fairchild v. Fairchild. There is nothing for me to do but to dismiss the petition, with costs. The order to dismiss it, however, will be without prejudice to the right of the petitioner to file a new petition, or to institute any other proceedings that it may be advised are proper, at any future time.